**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| William and Phyllis Owan, | ) | |
| | ) | |
| Plaintiffs, | ) | **ORDER GRANTING MOTIONS FOR JOINDER AND ORDER FOR REMAND** |
| | ) | |
| vs. | ) | |
| | ) | |
| Equinor Energy LP, | ) | Case No. 1:20-cv-116 |
| | ) | |
| Defendant. | ) | |

---

Before the court are Motions for Joinder and Settlement Conference filed by Plaintiffs. For the reasons that follow, the court grants Plaintiffs' motions in part and remands this matter to the state district court in Williams County, North Dakota.

## I. BACKGROUND

The following facts are taken from Plaintiffs' pleadings, motions, and supporting briefs. They are either undisputed or otherwise presumed to be true for the purposes of this order.

Plaintiffs owns property in Williams County, North Dakota, described as: Township 156 North, Range 102 West; Section 30: NE1/4. (Doc. No. 1-1, ¶ 1).

Defendant is a Delaware Limited Partnership registered in the State of North Dakota. (Id. at ¶ 2). It is responsible for constructing, drilling, and operating a number of oil and gas wells on Plaintiffs' property in Williams County. (Id. at ¶ 3). It offered to compensate Plaintiffs for damages attributable to the expansion of a wellpad and for other activities on their property. (Id. at ¶ 4).

Plaintiffs rejected Defendant's offer. (Id. at ¶ 5). They subsequently filed the above-captioned in the Northwest Judicial District, Williams County, North Dakota, seeking compensation for surface damages to their property pursuant to Oil and Gas Production Damage Compensation

Act, codified at N.D.C.C. ch. 38-11.1. (Doc. No. 1-1).

On July 1, 2022, Defendant removed the above-captioned action to this court pursuant to 28 U.S.C. §§ 1441 and 1332. (Doc. No. 1).

On August 18, 2022, the court held a scheduling conference with the parties. (Doc. No. 13). Following the scheduling conference, it issued a scheduling and discovery order memorializing the pretrial deadlines agreed upon by the parties. (Doc. No. 14). The scheduling and discovery order provided in relevant part that the parties would have until November 13, 2020, to file motions to join additional parties. (Id.).

In addition to issuing the scheduling and discovery order, the court scheduled a final pretrial conference and bench trial for November 30 and December 13, 2021, respectively. (Doc. Nos. 15, 16). However, pursuant to a stipulation filed by the parties, it continued the final pretrial conference and bench trial until October 4 and 17, 2022, respectively. (Doc. No. 20, 21).

On May 24, 2022, Plaintiffs filed a Motion for Joinder and for Settlement Conference. (Doc. Nos. 22, 23). It sought leave to join Grayson Mill Williston LLC ("Grayson Mill") as an additional defendant in this matter. It also requested the court to schedule a settlement conference with the parties as soon as practicable.

On June 15, 2022, the court issued an order directing Plaintiffs to identify the citizenship of Grayson Mill's members.

> This court's exercise of jurisdiction in this action predicated upon the complete diversity of citizenship between the existing parties and an amount in controversy exceeding $75,000. See 28 U.S.C. § 1332(a); see also OnePoint Sols., LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007) ("Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship."). At present it is unclear whether the joinder of Grayson Mill will destroy complete diversity and with it the basis for this court's exercise jurisdiction.

> Before addressing plaintiffs' motion, the court finds it prudent to first ascertain Grayson Mill's citizenship. The court shall therefore require plaintiffs to file a supplement to its motion by June 24, 2024, identifying the citizenship of Grayson Mill's members. See GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004) (holding that, for purposes of diversity jurisdiction, an LLC's citizenship is that of its members). With this information, the court can ascertain Grayson Mill' citizenship and chart an appropriate course. See 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.").

(Doc. No. 24).

On July 25, 2022, Plaintiffs filed an Amended Motion for Joinder and for Settlement Conference in which they endeavored to provide the court with the information it had requested in its June 15, 2022, order. (Doc. Nos. 28, 29). Defendant has to date sat on sidelines, neither responding nor otherwise objecting to the timing and substance of Plaintiffs' initial and amended motions.

On September 13, 2022, the court issued an order giving Plaintiffs additional time to identify the citizenship of the Grayson Mill's members. (Doc. No. 30). On September 26, 2022, Plaintiffs filed a supplement advising that it remains unable to identify the citizenship of Grayson Mill's members and requesting that the court grant their motions for joinder and remand this action to the state court in which it was originally filed. (Doc. No. 32).

## II. DISCUSSION

Plaintiffs maintains that Grayson Mill is a necessary party to this litigation as it is a successor in interest to Defendant in the wellpad at issue in this case. They advised in their amended motion that that their efforts to ascertain the citizenship of Grayson Mill were unsuccessful but that, based on Defendant's representations, they did not believe that the joinder of Grayson Mill would destroy complete diversity of citizenship and with it the basis for this court's exercise of jurisdiction over

this matter.

> Plaintiffs are unable to identify the citizenship of Grayson Mill's members as they are not being disclosed and Plaintiffs reasonably believe they have exhausted all options available for obtaining the information requested. It is worth nothing that Grayson Mill is now represented by the same law firm as Defendant Equinor. Given that Defendant Equinor's attorneys removed this matter originally and are now representing that their new client Grayson Mill, can proceed in this lawsuit, as members of Grayson Mill Holdings, II, LLC are not North Dakota residents, the Plaintiffs believe that the Court can proceed in the matter.

(Doc. No. 28-1). In the supplement they filed on September 26, 2022, they advised that they remain unable to ascertain Grayson Mill's citizenship and request that Grayson Mill be joined and this matter remanded back to state court. (Doc. No. 32).

Having reviewed Plaintiffs' motions and recent supplement, this is the course that the court shall chart. First, the court will grant Plaintiffs' motions for joinder. Defendant has not filed a response or otherwise objected to either of Plaintiffs' motions for joinder. Its silence is deemed an admission that Plaintiffs' motions for joinder are well taken and that Grayson Mill is a necessary party to this litigation. D.N.D. Civ. L.R. 7.1(F). Second, the court shall remand this matter back to state court. See 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.").

A federal court has a duty to assure itself that the threshold requirement of subject matter jurisdiction has been met in every case. Bradley v. American Postal Workers Union, AFL–CIO, 962 F.2d 800, 802 n. 3 (8th Cir.1992); Thomas v. Basham, 931 F.2d 521, 523 (8th Cir.1991); Jader v. Principal Mut. Life Ins. Co., 925 F.2d 1075, 1077 (8th Cir.1991); Barclay Square Properties v. Midwest Fed. Sav. & Loan Ass'n, 893 F.2d 968, 969 (8th Cir.1990); Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir.1987). "The parties ... may not confer subject matter jurisdiction upon the

federal courts by stipulation, and lack of subject matter jurisdiction cannot be waived by the parties or ignored by the court." Pacific Nat'l Ins. Co. v. Transport Ins. Co., 341 F.2d 514, 516 (8th Cir. 1975); see also Pennsylvania v. Union Gas Co., 491 U.S. 1, 25, 109 (1989) (Stevens, J., concurring) ("[T]he cases are legion holding that a party may not waive a defect in subject-matter jurisdiction or invoke federal jurisdiction simply by consent," citing Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 377 n. 21 (1978); Sosna v. Iowa, 419 U.S. 393, 398 (1975); California v. LaRue, 409 U.S. 109, 112 n. 3 (1972); American Fire & Casualty Co. v. Finn, 341 U.S. 6, 17–18 & n. 17 (1951); Mitchell v. Maurer, 293 U.S. 237, 244 (1934), Thus, even where "'the parties did not raise any jurisdictional issues[, t]his court is obligated to raise such jurisdictional issues if it perceives any.'" White v. Nix, 43 F.3d 374, 376 (8th Cir.1994) (quoting Lewis v. United States Farmers Home Admin., 992 F.2d 767, 771 (8th Cir.1993)).

Federal courts are courts of limited jurisdiction, and it is presumed that jurisdiction is lacking until the party claiming jurisdiction demonstrates otherwise. Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375, 377 (1994).

Federal courts have original subject matter jurisdiction over claims for alleged violations of federal laws or the United States Constitution. See 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343(3) (jurisdiction for enforcement of federal constitutional and statutory rights). Federal courts also have subject matter jurisdiction over civil actions between parties with complete diversity of citizenship where the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a). "In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." Exxon Mobil Corp. v. Allapattah Servs.,

Inc., 545 U.S. 546, 553 (2005).

It is well settled that an LLC's citizenship is that of its members for diversity jurisdiction purposes. See GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004). It is likewise settled that a limited partnership's citizenship is the citizenship of each of its partners. Carden v. Arkoma Assocs., 494 U.S. 185, 189 (1990).

Attached to Plaintiffs' motion is the declaration in which Adam K. Osbeck, the Director of Legal at Grayson Mill Energy, LLC ("GME"), attests:

> 2. The members of Grayson Mill Operating, LLC are Grayson Mill Intermediate, LLC and Grayson Mill Energy II, LLC. The sole member of Grayson Mill Intermediate, LLC is Grayson Mill Energy II, LLC.
> 3. The sole member of Grayson Mill Williston, LLC is Grayson Mill Energy II, LLC.
> 4. The sole member of Grayson Mill Energy II, LLC is Grayson Mill Intermediate HoldcoII, LLC.
> 5. The sole member of Grayson Miller Intermediate Holdco II, LLC is Grayson Mill Holding II, LLC.
> 6. The members of Grayson Mill Holding II, LLC are Encap Energy Capital Fund X, L.P, Encap Energy Capital Fund XI, L.P., and several natural persons. Those members of Grayson Mill Holding II, LLC that are natural persons do not reside in and are not domiciled in the State of North Dakota.
> 7. GME lacks the knowledge or information sufficient to determine the ownership of Encap Energy Capital Fund X, L.P. and EnCap Energy Capital Fund XI, L.P.

(Doc. No. 28-2).

Grayson Mill is like a Russian nesting doll; inside it is another limited liability company that is in turn filled with more limited liability companies and/or limited partnerships. On the present record the court cannot ascertain the citizenship of all of the individuals, limited partners, and/or entities that comprise or make up Grayson Mill. It cannot blindly proceed on vague assurances from the parties that Grayson Mill's inclusion in this action does not destroy diversity and that this matter can proceed in the present venue. Consequently, it concludes that there has not been a satisfactory

showing of Grayson Mill's citizenship.

Because Grayson Mill is a necessary party and because its inclusion in this action may destroy diversity, the appropriate action course of action is allow for its joinder and remand this matter back to the state district court in which it was originally filed. See 28 U.S.C. § 1447(e).

## III. CONCLUSION

Plaintiffs' Motions for Joinder and for Settlement Conference (Doc. Nos. 22, 28) are **GRANTED IN PART**. Grayson Mill shall be joined as a named defendant and this matter. The court sua sponte **REMANDS** this action to the District Court for the Northwest Judicial District, Williams County, North Dakota. Plaintiffs' requests for a hearing (Doc. No. 23, 29) are deemed **MOOT**.

**IT IS SO ORDERED.**

Dated this 27th day of September, 2022.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court